```
             IN THE UNITED STATES DISTRICT COURT

          FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON D. CARROLL,             )    2: 08-CV-00408 SOM
                               )
          Plaintiff,           )
                               )    ORDER DISMISSING COMPLAINT WITH
     vs.                       )    LEAVE TO AMEND CLAIMS AGAINST
                               )    DEFENDANTS S. SURY ADEVARA AND
ARNOLD SCHWARZENEGGER, N.      )    E. MAZIN
GRANNIS, RAYMOND E. BAKER,     )
KEN CLARK, S. SURY ADEVARA,    )
E. MAZIN, KINGS COUNTY,        )
                               )
          Defendants.          )
_____)
```

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND CLAIMS
AGAINST DEFENDANTS S. SURY ADEVARA AND E. MAZIN

I.      INTRODUCTION.

Plaintiff Vernon Carroll is a prisoner proceeding pro se. On October 14, 2009, this court dismissed his Complaint and allowed him to file a First Amended Complaint no later than November 10, 2009, but subsequently extended the deadline after Carroll notified the court of an address change. On November 4, 2009, Carroll filed a First Amended Complaint. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this court has screened Carroll's First Amended Complaint. The court dismisses claims against Defendants Arnold Schwarzenegger, N. Grannis, Raymond E. Baker, Ken Clark, and Kings County, as Carroll fails to state a claim against these Defendants. However, as the court cannot decipher what Carroll complains of against S. Sury Adevara and E. Mazin, the court allows Carroll to amend his First Amended

Complaint by December 17, 2009, to state a claim or claims against Adevara and Mazin.

II.   STANDARD OF REVIEW.

Because Carroll filed the present action as a pro se prisoner, this court must screen his First Amended Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

In determining whether a complaint states a claim, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" are not entitled to be assumed true. Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 555). When a complaint raises an arguable question of law that is ultimately resolved against the

plaintiff, dismissal for failure to state a claim upon which relief may be granted is proper.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).

District courts are "required to grant leave to amend if a complaint can possibly be saved." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  A court may dismiss an in forma pauperis complaint with prejudice when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

III.    BACKGROUND.

At some point before March 2007, dentists allegedly pulled eight of Carroll's teeth.  First Amend. Compl. at 2. Carroll allegedly received a mouthpiece.  Id.  Carroll says that he sent a request to Baker, the Chief Medical Officer, for teeth replacements on two occasions, but was dissatisfied with Baker's decisions or responses to his requests.  Id.  Carroll alleges that he then forwarded his requests to Grannis, the head of the Department of Corrections.  Id.  Carroll says that his inability to eat or chew has caused him severe emotional distress. Id. at 4-5.

Carroll sues Governor Schwarzenegger, Grannis, the head of the Department of Corrections, Baker, the Chief Medical Officer, Clark, the Warden, and Adevara and Mazin (who are

dentists), in their individual capacities.  He also sues Kings County.  He seeks monetary damages and injunctive relief, "including but not limited to the Due Process of Federal laws and Health Care Services that shall be maintained" at the prison.  Id.

IV.     ANALYSIS.

The court addresses the claims against each individual that Carroll sues.

Carroll blames Governor Schwarzenegger for Carroll's alleged denial of proper dental care because of his "lack of ability and the awareness of his position of his title of the Governor."  Id. at 2.  Carroll fails to state a claim against Governor Schwarzenegger.

The requirements for relief under § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal citations and quotations omitted).  A plaintiff must allege specific facts linking each defendant to a violation.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996) (dismissing claims against some defendants when the Complaint contained no allegations that those defendants knew of or participated in activities connected to the § 1983 violations).  Carroll's claim

against Governor Schwarzenegger alleges no specific conduct linking Governor Schwarzennegger to any wrongdoing.  In other words, Carroll does not allege that Governor Schwarzenegger proximately caused, or even knew about, his teeth problems.  Carroll only alleges that the Governor was not aware of Carroll's situation.  Governor Schwarzenegger's mere lack of awareness of Carroll's plight does not amount to a § 1983 violation.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that supervisors are liable for violations of their subordinates if the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them").  Because Carroll only alleges that Governor Schwarzenegger was not aware of Carroll's situation, Carroll's claim against him is dismissed.

Carroll also contends that Grannis, the head of the Department of Corrections, is at fault.  Carroll's claim against Grannis is also dismissed for failure to state a claim.  Carroll only alleges that he forwarded his requests for teeth replacements to Grannis, and Grannis did not resolve it in his favor.  First Amend. Compl. at 2.  Carroll essentially is upset that his requests were not resolved in the way most favorable to him.  However, a denial of a request does not rise to the level of a violation to establish § 1983 liability.  See Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Grannis cannot be liable under § 1983 solely because he did not respond to Carroll's request in the way Carroll would have liked. Carroll's claim against Grannis is therefore dismissed.

Carroll also contends that Baker, the Chief Medical Officer, is liable in this case, but Carroll fails to state a claim against Baker. Carroll alleges that Baker was "fully aware" that Carroll wanted his "teeth to be fix." First Amend. Compl. at 3. Carroll alleges he was dissatisfied with his mouthpiece. Even if Baker was aware that Carroll wanted teeth replacements, Carroll's dissatisfaction with his mouthpiece and his notification to Baker of his dissatisfaction do not, without more, amount to a violation under § 1983. Carroll's claim against Baker is thus dismissed.

Carroll also blames Clark, the Warden of the prison. Again, Carroll fails to state a claim. In his First Amended Complaint, Carroll describes Clark's position but nowhere states how or if Clark directly participated in violating Carroll's rights. Carroll says that Clark is "responsible for the treatment of health care and etc of all inmates under his or her charge." First Amend. Compl. at 3. Carroll alleges that Clark is "responsible for the supervision of subordinate personnel as

6

well as for health care." Id.  However, there is no respondeat superior liability under § 1983.  List, 880 F.2d at 1045. Clark's supervisory position, without more, does not render him liable under § 1983.

Carroll also sues Adevara and Mazin, the dentists who allegedly extracted his teeth.  It is unclear what, if any, wrongs these Defendants committed, as Carroll does not allege what constitutional right was violated or how these dentists harmed him.  Carroll only alleges that these dentists are properly trained and licensed, and that there is a "lack of M.D. dental knowledge of staff and employee."  First Amend. Compl. at 4.  Carroll may be alleging that the dentists were deliberately indifferent to his medical needs and thereby violated his Eighth Amendment rights.  Or Carroll may be complaining that his mouthpiece does not fit properly because the dentists were negligent in fitting him.  If Carroll is alleging the latter, he does not state a § 1983 claim, as negligence, or medical malpractice such as an improper mouthpiece fitting, is not an Eighth Amendment violation.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (noting that "inadvertent or negligent failure to provide adequate medical care" does not state a claim under § 1983).  Because the court cannot determine what Carroll is alleging, this court gives Carroll leave to amend his First

Amended Complaint to state, if he can, a claim or claims against only Adevara and/or Mazin.

Carroll fails to state a claim against the "City of Corcoran of Kings County."  First Amend. Compl. at 4.  To establish municipal liability under § 1983, a plaintiff must allege (1) that the plaintiff possessed a right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's right; and (4) that the policy is the moving force behind the constitutional violation.  Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotations omitted).  Carroll does not say what policy or custom Kings County has that somehow amounted to a deliberate indifference of his rights, or even what right was violated.  The court thus dismisses Carroll's claim against Kings County.

V.      CONCLUSION.

This court dismisses claims against Governor Schwarzenegger, Grannis, Baker, Clark, and Kings County, as Carroll has not stated any viable claim against these Defendants.  However, the court gives Carroll until December 17, 2009, to file a Second Amended Complaint to state, if he can, viable claims against Adevara and Mazin.  A Second Amended Complaint must be a complete document in itself.  It must not incorporate by reference the original Complaint or the First Amended Complaint.

IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2009.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Carroll v. Schwarzenegger, et al, 2: 08CV408 SOM; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND CLAIMS AGAINST DEFENDANTS S. SURY ADEVARA AND E. MAZIN.