IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
VERNON D. CARROLL,              )    2: 08-CV-00408 SOM
                                )
           Plaintiff,           )
                                )    SCREENING ORDER
     vs.                        )
                                )
S. SURY ADEVARA, E. MAZIN       )
                                )
           Defendants.          )
_____ )
```

SCREENING ORDER

I.      INTRODUCTION.

Plaintiff Vernon Carroll is a prisoner proceeding pro se. Before the court is Carroll's Second Amended Complaint, which alleges that prison dentists S. Sury Adevara and E. Mazin were deliberately indifferent to his serious medical needs. This court has screened Carroll's Second Amended Complaint and has determined that, liberally construed, it states a claim. Accordingly, the court directs that the Second Amended Complaint be served on Adevara and Mazin in their individual capacities.

II.     STANDARD OF REVIEW.

Because Carroll filed the present action as a pro se prisoner, this court must screen his Second Amended Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

III.     BACKGROUND.

On February 22, 2008, Carroll filed his original Complaint, alleging in part that numerous Defendants were deliberately indifferent to his medical needs in either failing to give him dental treatment altogether or delaying his dental treatment.  This court initially screened his Complaint and dismissed it for failure to state a claim, giving him leave to file an Amended Complaint.  He filed an Amended Complaint, which the court again dismissed.  However, the court gave Carroll leave to file yet another amendment to state any viable claim against S. Sury Adevara and E. Mazin, two dentists who had allegedly participated in extracting his teeth.  The court gave Carroll leave to file a further amended Complaint against those two Defendants to clarify what, if any, harm or wrongdoing those two Defendants had allegedly committed.  It was unclear whether Carroll was alleging that Adevara and Mazin had been negligent in providing a poorly fitted mouthpiece, or that they had denied or delayed treatment altogether.

Before the court is Carroll's Second Amended Complaint, which sheds some light on Carroll's claims.  At some point before March 2007, Adevara and Mazin allegedly extracted eight of Carroll's teeth.  Second Amend. Compl. at 3.  Carroll allegedly received a mouthpiece.  Id.  However, Carroll alleges that his mouthpiece has broken or has become lost and needs to be

replaced.  Id.  Carroll contends that Adevara and Mazin failed to replace the mouthpiece or even to fit Carroll for a new mouthpiece, even though they allegedly knew that he needed a mouthpiece.  Id.  Carroll argues that Adevara and Mazin acted out of malice in failing to treat him.  Id.  Finally, Carroll contends that he suffers greatly because he cannot chew.

IV.	ANALYSIS.

Carroll asserts that Adevara and Mazin were "deliberately indifferent" to his medical needs, and that they denied him proper medical service by failing to replace his mouthpiece.  Carroll's Second Amended Complaint states a claim against Adevara and Mazin sufficient to warrant service of the Complaint on Adevara and Mazin.

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted). Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  The two-part test for deliberate indifference requires a plaintiff to show (1) a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the

defendant's response to the need was deliberately indifferent. Penner, 439 F.3d at 1096. Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Penner, 439 F.3d at 1096; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). When a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to state a claim of deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Of course, allegations that a physician has been negligent in diagnosing or treating a medical condition do not state a valid claim for medical mistreatment under the Eighth Amendment. Penner, 439 F.3d at 1096.

Carroll alleges that he has a serious medical need, as he cannot chew or eat because he lacks a mouthpiece and teeth. He says that he is in serious pain because he cannot chew. He claims that Adevara and Mazin know of his lack of teeth and mouthpiece, but have failed to replace his teeth or his mouthpiece for over three years. These allegations are sufficient to state a claim of deliberate medical indifference, or at least sufficient to withstand dismissal under this court's screening. See Hunt, 865 F.2d at 200 (noting that a prisoner who alleged that officials were aware of the prisoner's dental pain

4

and failed to take any action for three months stated a claim of deliberate indifference to serious medical needs).

V.      CONCLUSION.

This court rules that the allegations contained in the Second Amended Complaint are sufficient to warrant service of the pleading on Adevara and Mazin. Having screened the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and having determined that it states claims sufficient to allow Carroll to proceed against Adevara and Mazin in their individual capacities, and having previously determined that Carroll is entitled to proceed in forma pauperis, the court orders:

1. Service shall be made on Adevara and Mazin.

2. The Clerk of the Court shall send Carroll two (2) USM-285 forms, one summons, an instruction sheet, and three endorsed copies of the Second Amended Complaint filed December 11, 2009.

3. Within thirty days from the date of this order, Carroll shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

        c.   One completed USM-285 form for each Defendant listed in number 1 above (Adevara and Mazin); and

        d.   Three (3) copies of the endorsed Second Amended Complaint filed December 11, 2009.

    4.   Carroll need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

    IS SO ORDERED.

    DATED: Honolulu, Hawaii, December 21, 2009.



    /s/ Susan Oki Mollway

    Susan Oki Mollway
    Chief United States District Judge

Carroll v. Schwarzenegger, et al, 2: 08CV408 SOM; SCREENING ORDER.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Vernon D. Carroll,            )    2: 08-CV-00408 SOM
                              )
          Plaintiff,          )
     vs.                      )    NOTICE OF SUBMISSION OF
                              )    DOCUMENTS
S. Sury Adevara, E. Mazin,    )
                              )
          Defendants.         )
_____)
```

## NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff Vernon D. Carroll hereby submits the following documents in compliance with the court's Screening Order filed December 21, 2009:

One completed summons form;

Two completed USM-285 forms; and

Three endorsed copies of the First Amended Complaint

Dated: _____      _____
                                Vernon D. Carroll