IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Vernon D. Carroll, | ) | Civil No. 2:08-00408 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| S. Sury Adevara and E. Mazin, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF</u>

Before the Court is a motion for miscellaneous relief ("Motion") filed by Plaintiff Vernon D. Carroll's ("Plaintiff") on February 8, 2010.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 78-230(h) of the Local Rules of the United States District Court, Eastern District of California.  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

### <u>BACKGROUND</u>

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, originally filed this action on February 22, 2008.  He filed his Second Amended Complaint on December 11, 2009.  On December 22, 2009, the district judge issued an order directing that the Second Amended Complaint be served on Defendants S. Sury Adevara and E. Mazin, in their individual capacities ("Defendants"), after Plaintiff returned certain completed

documents to the district court.  Plaintiff returned the completed documents, and on January 19, 2010, the district judge issued an order directing the United States Marshal to serve Defendants without prepayment of costs.

In the instant Motion, Plaintiff states that he was transferred between Department of Corrections facilities during October 2009.  According to the Motion, he packed two boxes of legal documents to be transferred to his new facility.  [Motion at 2.]  Plaintiff alleges that Department of Corrections personnel improperly disposed of his boxes.  The Motion seeks: an investigation into the tampering with his documents; an order directing the Clerk of the Court to mail him full copies of his transcripts at the Department of Corrections' expense; and an order requiring the Department of Corrections to comply.  [Id. at 1.]

According to Plaintiff's internal inmate appeal form submitted on November 23, 2009, Plaintiff's transfer was in September 2009 and he addressed each of his boxes to be forwarded to family members.  According to the December 11, 2009 staff response, Plaintiff's boxes had not been forwarded to his family because Plaintiff had a trust account balance of zero dollars, and he had fifteen days to have enough money in his account or his property would be donated.  Plaintiff's internal inmate appeal form submitted on December 28, 2009 asserted that two boxes contained legal documents.  He asked that the boxes be

2

forwarded to the address written on the boxes or that they be
sent to him directly.  The staff response dated January 12, 2010
states that Plaintiff's request was denied.  His property was
disposed of on January 6, 2010 because the boxes did not contain
legal material and Plaintiff had a trust account balance of zero
dollars from December 8, 2009 to January 6, 2010.

Plaintiff's Motion also alleges that the Department of
Corrections staff is aware of the 28 U.S.C. § 1983 complaints
that Plaintiff has filed.  According to Plaintiff, a Lieutenant
Snells told him in a "bizarre tone" that he was "going to get
[him]self hurt so stop filing."  [Motion at 2.]

## DISCUSSION

## I.    Legal Documents

It is not clear what Plaintiff's Motion seeks with
respect to the legal documents which the Department of
Corrections disposed of.  Plaintiff asks for copies of his
transcripts, but there have been no courtroom proceedings in this
case and there are no transcripts.  Further, at this time,
Plaintiff has no pending deadlines in this case which he could
arguably need the legal documents to prepare for.  Thus, the
documents that the Department of Corrections allegedly disposed
of appear to be unrelated to the instant action.

If Plaintiff seeks to amend his Second Amended
Complaint to allege a new claim based on the disposal of his

legal documents, the Court will not allow the amendment because it would be futile.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (recognizing that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend").

First, according to the inmate appeal forms, Plaintiff was transferred in September 2009, and his documents were disposed of on January 6, 2010.  The allegedly improper disposal thus occurred *after* Plaintiff signed the Second Amended Complaint and oven ten months *after* the original Complaint was filed. Thus, although Plaintiff apparently began the grievance process based on the failure to forward his boxes before the filing of the Second Amended Complaint, it is clearly impossible for Plaintiff to have grieved the new claim *before* he commenced this action in February 2008, as required by the Prison Litigation Reform Act ("PLRA").  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (holding that exhaustion must occur prior to filing suit).  The new claim would thus be subject to a motion to dismiss, and allowing the amendment to this suit would be futile.  See Griffith v. Whitesell, No. 3:08-0385, 2008 WL 3852415, at *5 (M.D. Tenn. Aug. 14, 2008) ("the Court is not required to allow amendments that assert . . . claims that could not withstand a motion to dismiss" (citation omitted)).

Second, although Plaintiff does not identify any person who is allegedly responsible for the disposal of his documents,

the new claim would not be against the existing defendants, who are dentists. Further, there is no relation whatsoever between the claim based on the disposal of Plaintiff's documents and the claims alleged in the Second Amended Complaint. Under Federal Rule of Civil Procedure 18, which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. <u>See</u> Fed. R. Civ. P. 18(a). To name different defendants in the same lawsuit, however, a plaintiff must satisfy Federal Rule of Civil Procedure 20, which governs permissive joinder of parties. Permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties will arise in the action. <u>See</u> Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants belong in different suits. <u>See</u> <u>Aul v. Allstate Life Ins. Co.</u>, No. 91-56340, 1993 WL 147342, at *3 (9th Cir. May 6, 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action[.]"); <u>Zhu v. Countrywide Realty, Co.</u>, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) ("The Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." (citation omitted)).

Although pro se litigants are held to less stringent standards than represented parties, see Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), they must still comply with the procedural and substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule.[1] See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

The Court will not permit Plaintiff to expand the scope of this litigation by adding an unexhausted, unrelated claim that names a new, unrelated defendant and is based on an incident that

---

[1] Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

occurred after Plaintiff filed the original Complaint. To permit Plaintiff to do so would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that could be found to be a "strike" under § 1915(g).

## II.  **Alleged Threat by Lieutenant Snells**

The Motion also alleges that Lieutenant Snells threatened Plaintiff. This Court is not able to discern what relief the Motion seeks regarding the alleged threat. If the Motion seeks to add a new claim against Lieutenant Snells based on the alleged threat, such amendment would be futile. There is no indication that Plaintiff exhausted his administrative remedies regarding this new claim, and the new claim and new defendant are unrelated to the existing claims and defendants.

If Plaintiff desires to pursue these new claims, he must do so by way of a filing a new action. Any new action will require a new filing fee and be subject to a screening order under 28 U.S.C. § 1915A(a). If the new complaint is frivolous or fails to state a claim, the dismissal will constitute a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).

## <u>CONCLUSION</u>

On the basis of the foregoing, Plaintiff's motion for miscellaneous relief, filed February 8, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 19, 2010.


 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**VERNON D. CARROLL V. S. SURY ADEVARA, ET AL**; CIVIL NO. 2:08-00408 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF

8