IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERNON C. CARROLL, | ) | CIVIL NO. 2:08-00408 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR DEFAULT AND MOTION |
| vs. | ) | FOR SUMMARY JUDGMENT PURSUANT |
| | ) | TO FRCP RULE 12(B) |
| S. SURY ADEVARA and E. MARIN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 12(B)**

Before the Court are a Motion for Default and Motion for Summary Judgment Pursuant to FRCP Rule 12(b) ("Motion for Summary Judgment"), both filed on April 6, 2010, by Plaintiff Vernon D. Carroll.  The court finds these matters suitable for disposition without a hearing pursuant to Rule 78-230(h) of the Local Rules of the United States District Court, Eastern District of California.  After careful consideration of the motions and the relevant legal authority, the court HEREBY DENIES WITHOUT PREJUDICE both motions for the reasons set forth below.

**BACKGROUND**

Carroll filed this 42 U.S.C. § 1983 action on February 22, 2008.  On March 24, 2009, the magistrate judge granted Carroll leave to proceed in forma pauperis.  He filed his Second Amended Prisoner Civil Rights Complaint ("Second Amended Complaint") on December 11, 2009.  On December 22, 2009, this court issued a Screening Order concluding, inter alia, that the

allegations in the Second Amended Complaint were sufficient to warrant service on Defendants S. Sury Adevara and E. Mazin (collectively "Defendants").  The Screening Order directed the Clerk of the Court to send the requisite forms to Carroll for completion.  On January 4, 2010, the district court received Carroll's completed documents, and on January 19, 2010, this court issued an Order Directing Service by United States Marshal Without Prepayment of Costs ("Service Order").  The Service Order, *inter alia*: 1) directed the Clerk of the Court to forward the service documents to the United States Marshal; 2) directed the United States Marshal to notify Defendants of the action and request a waiver of service of summons; 3) directed the United States Marshal to file any executed waivers of service and any requests for waivers that are returned as undelivered; 4) directed the United States Marshal to personally serve any Defendant who did not return a waiver of service within sixty days from the mailing of the request for waiver; and 5) directed the United States Marshal to file the return of service within ten days after effecting personal service on that Defendant.  To date, however, no waivers of service, undeliverable requests for waiver of service, or returns of service have been filed in this case.

Carroll now seeks entry of default and/or summary judgment based on Defendants' failure to respond to the Second

Amended Complaint.

## **DISCUSSION**

A plaintiff is entitled to entry of default when the defendant or defendants have "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).  A defendant must answer a complaint within twenty-one days after he is served with the summons and complaint.  See Fed. R. Civ. P. 12(a)(1)(A)(I).  If the defendant waives service of the summons and complaint, his answer is due within sixty days after the request for waiver of service was sent.  See Rule 12(a)(1)(A)(ii).  In the present case, there is no evidence that Defendants either were personally served with the summons and complaint or waived service of the summons and complaint.  Carroll therefore cannot establish that Defendants have failed to plead or otherwise defend, and Carroll is not entitled to entry of default at this time.

For the same reasons, Carroll is not entitled to summary judgment based on Defendants' failure to respond to the complaint.  A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The court cannot make such a finding at this time.

3

<u>**CONCLUSION**</u>

On the basis of the foregoing, Carroll's Motion for Default and Motion for Summary Judgment Pursuant to FRCP Rule 12(b), filed April 6, 2010, are HEREBY DENIED WITHOUT PREJUDICE.

In addition, IT IS HEREBY ORDERED that:

1.   The Clerk of the Court is directed to forward a copy of this order to the United States Marshal.

2.   Within fourteen days from the date of this order, the United States Marshal is directed to file a status report regarding service in this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 28, 2010.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Vernon D. Carroll v. S. Sury Adevara, et al.; Civil No. 2:08-00408 SOM/LEK; ORDER DENYING Carroll'S MOTION FOR DEFAULT AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 12(B)