IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vernon D. Carroll, ) Civil No. 2:08-00408 SOM-LEK | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| S. Sury Adevara and E. Mazin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER TO SHOW CAUSE**

 Pro se Plaintiff Vernon D. Carroll ("Plaintiff") filed this 42 U.S.C. § 1983 action on February 22, 2008. On March 24, 2009, the magistrate judge granted Plaintiff leave to proceed <u>in forma pauperis</u>. Plaintiff filed his Second Amended Prisoner Civil Rights Complaint ("Second Amended Complaint") on December 11, 2009. On December 22, 2009, the district judge issued a Screening Order concluding, *inter alia*, that the allegations in the Second Amended Complaint were sufficient to warrant service on Defendants S. Sury Adevara and E. Mazin (collectively "Defendants"). The Screening Order directed the Clerk of the Court to send the requisite forms to Plaintiff for completion. On January 4, 2010, the district court received Plaintiff's completed documents, and on January 19, 2010, the district judge issued an Order Directing Service by United States Marshal Without Prepayment of Costs.

 On June 3, 2010, the United States Marshal filed a

Process Receipt and Return certifying that the Deputy United States Marshal who attempted personal service on Defendant S. Sury Adevara was unable to locate Adevara at the address that Plaintiff provided.[1]  [Dkt. no. 30.]  Plaintiff had directed the United States Marshal to serve Adevara at the California Substance Abuse Treatment Facility ("CSATF").

On June 25, 2010, the United States Marshal filed a Process Receipt and Return certifying that the Deputy United States Marshal who attempted personal service on Defendant E. Mazin was unable to locate Mazin.  [Dkt. no. 31.]  Plaintiff also gave CSATF's address as Mazin's address for service.  Handwritten notes on the Process Receipt and Return state that the Deputy was informed that Mazin was going to work at CSATF, but never completed his paperwork.  CSATF apparently provided the Deputy with an apartment address in Loma Linda, California.  A Deputy attempted service at the Loma Linda address, but there was no answer at the door.  The manager informed the Deputy that Mazin moved out in March 2009 and moved to Valencia, California.

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that

---

[1] The Court notes that the docket entry mistakenly states that Adevara was served on May 26, 2010, but that is merely the date that the Deputy attempted service.

> defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the present case, it has been more than 120 days since the filing of the Second Amended Complaint, and Defendants have not been served.

> The Ninth Circuit has held that
>
> an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, **having provided the necessary information to help effectuate service**, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.

Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (emphasis added). Thus, in order to avail himself of this principle, a plaintiff must "furnish[] the information necessary to identify the defendant[.]" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). The Court also notes that pro se plaintiffs are given "'more latitude than litigants represented by counsel to correct defects in service of process . . . .'" Larson v. Conewango Prods., Corp., No. CV F 09-1060 LJO SMS, 2010 WL 1135987, at *3 (E.D. Cal. March 22, 2010) (quoting Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (D.C. Cir. 1993)).

Plaintiff did not provide the United States Marshal with sufficient information to locate Defendants for service. The Marshal was under no obligation to investigate where Defendants might be found; it is Plaintiff's responsibility to provide the Marshal with their current location so that the Marshal may effect service. See, e.g., Cramer v. Target Corp., No. 1:08-CV-1693-OWW-SKO, 2010 WL 1849908, at *2 (E.D. Cal. May 6, 2010). "Plaintiff might accomplish this through a properly issued subpoena duces tecum, by completing a request for public records pursuant to the California Public Records Act, or by any other means, including an electronic search, available to Plaintiff." Id.

This Court therefore ORDERS as follows:

1)   Plaintiff shall provide the Court with the current addresses of Defendants S. Sury Adevara and E. Mazin by no later than **August 27, 2010**.

2)   If Plaintiff cannot provide current addresses for Defendants, Plaintiff shall file a declaration showing good cause, if any, why this case should not be dismissed for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff shall file his declaration by no later than **August 27, 2010**.

3)   Plaintiff shall state in his declaration what specific measures he has taken to try to identify Defendants and their

addresses for service, and why he has been unable to obtain any further information to locate Defendants for service of process.

The Court CAUTIONS Plaintiff that the failure to respond to this Order to Show Cause, or the failure to establish good cause if he cannot provide Defendants' addresses for service of process, will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 26, 2010.


 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge




**VERNON D. CARROLL V. S. SURY ADEVARA, ET AL; CV 2:08-00408 SOM-LEK; ORDER TO SHOW CAUSE**