IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vernon D. Carroll,  )<br>             )<br>        Plaintiff,    )<br>             )<br>    vs.          )<br>             )<br>S. Sury Adevara and E. Mazin, )<br>             )<br>        Defendants.    )<br>_____ ) | Civil No. 2:08-00408 SOM-LEK |

**ORDER DENYING PLAINTIFF'S MOTION FOR ALIAS SUMMONS AND FOR A FULL BACKGROUND INVESTIGATION AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND MOTION FOR DECLARATION OF INDIGENCY**

Before the Court are pro se Plaintiff Vernon D. Carroll's ("Plaintiff"): Motion for Alias Summons and Motion for A Full Background Investigation Under Court Order for Public Records and Whereabouts of Missing Defendants, a Full Print-out of Public Records and Electronic Search ("Investigation Motion"),[1] filed on August 6, 2010; and Request for Appointment of Counsel and Motion for Declaration of Indigency ("Motion to Appoint Counsel"), filed on August 11, 2010.  The Court finds these matters suitable for disposition without a hearing pursuant to Rule 78-230(h) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  For the reasons set forth below, Plaintiff's Investigation Motion

---

[1] Although the title of the Investigation Motion includes "Motion for Alias Summons", the text of the motion does not address that issue.  Plaintiff discusses his request for an "alias summons" in the Motion to Appoint Counsel.

and Motion to Appoint Counsel are HEREBY DENIED.

## BACKGROUND

Plaintiff filed his Second Amended Prisoner Civil Rights Complaint ("Second Amended Complaint") on December 11, 2009. On December 22, 2009, the district judge issued a Screening Order concluding, *inter alia*, that the allegations in the Second Amended Complaint were sufficient to warrant service on Defendants S. Sury Adevara and E. Mazin (collectively "Defendants"). On January 19, 2010, the district judge issued an Order Directing Service by United States Marshal Without Prepayment of Costs.

On June 3, 2010, the United States Marshal filed a Process Receipt and Return certifying that the Deputy United States Marshal who attempted personal service on Defendant S. Sury Adevara was unable to locate Adevara at the address that Plaintiff provided. On June 25, 2010, the United States Marshal filed a Process Receipt and Return certifying that the Deputy United States Marshal who attempted personal service on Defendant E. Mazin was unable to locate Mazin.

On July 27, 2010, this Court issued an Order to Show Cause, ordering Plaintiff to either: 1) provide Defendants' current addresses for service; or 2) file a declaration showing good cause, if any, why this case should not be dismissed for failure to effect timely service pursuant to Federal Rule of

Civil Procedure 4(m).  The Court ordered Plaintiff to do so by no later than August 27, 2010.  Prior to that date, Plaintiff filed the instant motions.

**DISCUSSION**

### I.   Appointment of Counsel

Plaintiff seeks the appointment of counsel "so that [his] interests may be protected".  [Motion to Appoint Counsel at 2.]  He emphasizes that he is incarcerated, has no assets and no income, and is learning to work on a computer.  [Id. at 1.]

> Generally, a person has no right to counsel in civil actions.  However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S.Ct. 2941, 162 L.Ed.2d 867 (2005).  When determining whether "exceptional circumstances" exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  Neither of these considerations is dispositive and instead must be viewed together.

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (some citations and quotation marks omitted).

The circumstances that Plaintiff has articulated are common to most prisoners and do not constitute exceptional circumstances for purposes of § 1915(e)(1).  Further, the instant case is not unusually complex, and Plaintiff appears to be reasonably able to articulate his claims on his own behalf.

Finally, based on this Court's knowledge of the case, the Court cannot find a likelihood of success which would warrant the appointment of counsel.  Plaintiff's request for the appointment of counsel is therefore DENIED.

## II.  Investigation Motion

Plaintiff asks the Court to conduct an "investigation of whereabouts of Living Conditions and any Housing Units Transfer or Movements and Job Replacements To and From the Last Job Position of and within The Department of Corrections and/or any other New Jobs . . . ."  [Investigation Motion at 1 (emphasis in original).]

On March 24, 2009, this Court granted Plaintiff's request to proceed in forma pauperis.  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint[.]"  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  The plaintiff, however, must "furnish[] the information necessary to identify the defendant".  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

The Marshal's Office attempted personal service on Defendants, using the information provided by Plaintiff, but it was not able to locate either Adevara or Mazin.  The Marshal's

4

Office even obtained a residence address for Mazin and attempted service there, but was informed that Mazin had moved out over a year ago. [Dkt. no. 31.] This Court therefore finds that Plaintiff has not furnished sufficient information to identify Defendants. It is Plaintiff's obligation to provide additional information which the Marshal's Office may use to identify Defendants. Plaintiff's request for an investigation into Defendants' residence or employment addresses is DENIED.

The Court ORDERS Plaintiff to provide further information which the Marshal's Office may use to identify Defendants for service. Plaintiff must file the information in a declaration or affidavit by no later than **November 12, 2010**. The Court cautions Plaintiff that, if he fails to file the information by that date or if the information he provides is not sufficient to identify Defendants for service, this Court will recommend that this case be dismissed for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m).

### III. Alias Summons

Finally, Plaintiff requests a "declaration after service and set forth and alias summons motion as filed." [Motion to Appoint Counsel at 2.] In that section, Plaintiff reviews the procedural history regarding service in this case and emphasizes that, because he is incarcerated, he does not have access a computer to print out public records. The Court is not

able to determine what relief Plaintiff is requesting in this portion of his motion.  To the extent that Plaintiff asks the Court to determine Defendants' addresses for service, this Court has already denied that request.  To the extent that Plaintiff requests an "alias summons", this Court is unable to determine what he is referring to.  If Plaintiff asks the Court to order the Clerk of the Court to reissue the summons in this case, this Court declines to do so because Plaintiff has not yet provided any additional information which the Marshal's Office may use to identify Defendants.

Plaintiff's request for "declaration after service and set forth and alias summons motion as filed" is therefore DENIED WITHOUT PREJUDICE.  Plaintiff may renew his request for "declaration after service and set forth and alias summons motion as filed" by **November 12, 2010,** but he must describe with more specificity the relief that he is seeking and he must identify the legal authority under which he is entitled to such relief.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Alias Summons and Motion for A Full Background Investigation Under Court Order for Public Records and Whereabouts of Missing Defendants, a Full Print-out of Public Records and Electronic Search, filed August 6, 2010, and Request for Appointment of Counsel and Motion for Declaration of Indigency, filed August 11,

2010, are HEREBY DENIED.

Specifically, this Court ORDERS as follows:

1) Plaintiff's request for the appointment of counsel is DENIED.

2) Plaintiff's request for the district court to conduct an investigation of Defendants' current residence and/or employment addresses is DENIED.

3) Plaintiff shall file a declaration or affidavit setting forth further information which the Marshal's Office may use to identify Defendants S. Sury Adevara and E. Mazin for service. Plaintiff shall file the declaration or affidavit by no later than **November 12, 2010.**

4) Plaintiff's request for "declaration after service and set forth and alias summons motion as filed" is DENIED WITHOUT PREJUDICE. Plaintiff may renew this request by no later than **November 12, 2010,** but he must specifically describe the relief he is seeking and the legal basis for such relief.

The Court CAUTIONS Plaintiff that, if he fails to provide timely and sufficient information for the Marshal's Office to identify Defendants for service, this Court will recommend that the district judge dismiss this action pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

7

DATED AT HONOLULU, HAWAII, September 27, 2010.


     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge




**VERNON D. CARROLL V. S. SURY ADEVARA AND E. MAZIN; CV. 2:08-00408 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR ALIAS SUMMONS AND FOR A FULL BACKGROUND INVESTIGATION AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND MOTION FOR DECLARATION OF INDIGENCY**