IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Vernon D. Carroll, | ) | Civil No. 2:08-00408 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| S. Sury Adevara and E. Mazin, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT AGAINST DEFENDANT E. MAZIN

Pro se Plaintiff Vernon D. Carroll's ("Plaintiff") filed his Second Amended Prisoner Civil Rights Complaint ("Second Amended Complaint") on December 11, 2009.

### BACKGROUND REGARDING SERVICE

On December 22, 2009, United States District Judge Susan Oki Mollway issued a Screening Order concluding, *inter alia*, that the allegations in the Second Amended Complaint were sufficient to warrant service on Defendants S. Sury Adevara and E. Mazin (collectively "Defendants"). On January 19, 2010, Judge Mollway issued an Order Directing Service by United States Marshal Without Prepayment of Costs.

On June 3, 2010, the United States Marshals Service ("Marshals Service") filed a Process Receipt and Return certifying that the Deputy United States Marshal who attempted personal service on Defendant S. Sury Adevara ("Defendant

Adevara") was unable to locate Defendant Adevara at the address
that Plaintiff provided.  On June 25, 2010, the Marshals Service
filed a Process Receipt and Return certifying that the Deputy
United States Marshal who attempted personal service on Defendant
E. Mazin ("Defendant Mazin") was unable to locate Defendant
Mazin.

On July 27, 2010, this Court issued an Order to Show
Cause, ordering Plaintiff to either: 1) provide Defendants'
current addresses for service; or 2) file a declaration showing
good cause, if any, why this case should not be dismissed for
failure to effect timely service pursuant to Federal Rule of
Civil Procedure 4(m).  The Court ordered Plaintiff to do so by no
later than August 27, 2010 and cautioned him that, if he failed
to do so, the case could be dismissed pursuant to Federal Rule of
Civil Procedure 4(m).

Prior to the August 27, 2010 deadline, Plaintiff filed
a Motion for Alias Summons and Motion for A Full Background
Investigation Under Court Order for Public Records and
Whereabouts of Missing Defendants, a Full Print-out of Public
Records and Electronic Search ("Investigation Motion") and a
Request for Appointment of Counsel and Motion for Declaration of
Indigency ("Motion to Appoint Counsel").  On September 28, 2010,
this Court issued an order: denying the Investigation Motion and
the Motion to Appoint Counsel; requiring Plaintiff to file

2

sufficient information by November 12, 2010 to identify
Defendants for service; and cautioning Plaintiff that, if he
failed to do so, the case could be dismissed pursuant to Rule
4(m).

On November 12, 2010, Plaintiff filed a Motion for
Extension of Time ("Extension Motion").  The Extension Motion
sought a six-month extension of the deadline to provide
information necessary to identify Defendants for service.  On
November 17, 2010, this Court issued an order granting the
Extension Motion in part and denying it in part.  The Court gave
Plaintiff until January 3, 2011 to file a declaration or
affidavit containing further information which the Marshals
Service could use to identify Defendants for service.  The Court
cautioned Plaintiff that it would not grant any further
extensions and that, if he failed to file the affidavit or
declaration by January 3, 2011, the case could be dismissed
pursuant to Rule 4(m).

Plaintiff filed his response on January 3, 2011.  On
January 13, 2011, this Court issued an Order Regarding Service,
finding that Plaintiff had provided a sufficient address for
service on Defendant Mazin and ordering that service be made on
Defendant Mazin after Plaintiff completed the necessary forms.
On March 3, 2011, this Court issued its Order Directing Service
by United States Marshal Without Prepayment of Costs.  The Court

noted that Plaintiff had submitted all of the forms necessary for the Marshals Service to attempt service on Defendant Mazin and ordered the Marshals Service to attempt service.

On May 4, 2011, the Marshals Service filed an unexecuted Process Receipt and Return for Defendant Mazin ("2011 Mazin Return").  The 2011 Mazin Return contains handwritten notes: one stating "Mailed 3-24-11"; and one stating "4-29-11 • Per Atty - case of mistaken identity".  [2011 Mazin Return at 1.] The 2011 Mazin Return includes an April 26, 2011 letter addressed to the United States Marshals Service from Andrew A. Vanore, III, Esq., counsel for a Dr. Mazin Aziz.  The letter states that Dr. Aziz received his Doctor of Dental Surgery on May 13, 2005 from the University of Southern California and that he moved to North Carolina upon graduating.  According to the letter, Dr. Aziz: obtained a license to practice dentistry in North Carolina; has never been licensed in any other jurisdiction; and never practiced dentistry in California during 2006, the year in which Plaintiff received the dental care that is at issue in this case. The letter therefore asserts that Dr. Aziz could not be the person identified as Defendant Mazin.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after
> the complaint is filed, the court--on motion or on

4

> its own after notice to the plaintiff--must
> dismiss the action without prejudice against that
> defendant or order that service be made within a
> specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the
> time for service for an appropriate period.

Significantly more than 120 days have passed since Judge Mollway first ordered service of Plaintiff's Second Amended Complaint. This Court has provided Plaintiff more than ample time to obtain the information necessary to effect service on Defendants.  On several occasions, this Court has cautioned Plaintiff that his case could be dismissed if he failed to provide the information necessary to complete service.  Most recently, on November 17, 2011, this Court gave Plaintiff notice that, if he did not provide the information necessary to identify Defendant Mazin for service by January 3, 2011, his case could be dismissed pursuant to Rule 4(m).  The Court also cautioned Plaintiff that the Court would not grant any further extensions to complete service.

Plaintiff provided an address for Defendant Mazin by January 3, 2011, but the Court finds that the person found at that address is not the person identified as Defendant Mazin in the Second Amended Complaint.  Plaintiff has therefore failed to provide the information necessary to complete service on Defendant Mazin.  Although the Court acknowledges that Plaintiff is proceeding pro se, a plaintiff's pro se status does not excuse him from complying with the procedural or substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)

("Pro se litigants must follow the same rules of procedure that govern other litigants."); <u>see also</u> <u>United States v. Bell</u>, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).  This Court therefore FINDS that Plaintiff has not established good cause for his failure to complete timely service upon Defendant Mazin.  Pursuant to Rule 4(m), this Court must either dismiss the action without prejudice or order that Plaintiff complete service by a specific date. Under the circumstances of this case, the Court FINDS that dismissal is warranted at this time.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff's claims in the Second Amended Complaint against Defendant E. Mazin are HEREBY DISMISSED WITHOUT PREJUDICE.  Plaintiff's claims against the person identified in the Second Amended Complaint as Defendant S. Sury Adevara remain.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 9, 2011.


_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge


**VERNON D. CARROLL V. S. SURY ADEVARA; CV 2:08-00408 LEK; ORDER DISMISSING PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT AGAINST DEFENDANT E. MAZIN**