IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Vernon D. Carroll,            )    Civil No. 2:08-00408 LEK
                              )
        Plaintiff,            )
                              )
    vs.                       )
                              )
S. Sury Adevara and E. Mazin, )
                              )
        Defendants.           )
_____)
```

**ORDER REGARDING SERVICE**

On January 28, 2011, this Court issued an Order Regarding Service on Defendant S. Sury Adevara ("1/28/11 Order"). This Court ordered that service be made on Sampath Suryadevara, who pro se Plaintiff Vernon D. Carroll ("Plaintiff") stated was the person identified in this action as Defendant S. Sury Adevara. [1/28/11 Order at 2.] The Court noted that Plaintiff provided three addresses for Sampath Suryadevara: 6637 North Gentry Avenue, Fresno, California 93711; 5357 E. Townsend Ave., Fresno, California 93727; and 1771 W. Romney Dr., Ste. #C, Anaheim, California 92801. The Court found that each of these was sufficient for the United States Marshal's Office to attempt service of process on Sampath Suryadevara. [Id.] The Court ordered Plaintiff to complete three USM-285 forms and three summonses, one form for each of the three addresses where Plaintiff wished the United States Marshal to attempt service.

Plaintiff submitted the completed documents, and his

Notice of Submission of Documents was filed on February 10, 2011. [Dkt. no. 49.]  An Acknowledgment of the Receipt of Documents was filed on February 16, 2011, acknowledging the receipt of four completed summons forms and three completed USM-285 forms.  [Dkt. no. 52.]

On March 3, 2011, this Court issued its Order Directing Service by United States Marshal Without Prepayment of Costs ("3/3/11 Order").  [Dkt. no. 57.]  The Court ordered the United States Marshal to, *inter alia*, notify Sampath Suryadevara of the commencement of the action and to request a waiver of the service of the summons.  If the United States Marshall did not receive a waiver of service within sixty days from the date of mailing, the United States Marshal was to attempt personal service.  If the United States Marshal effected personal service, the Marshal was to file a return of service within ten days of service.  [3/3/11 Order at 3-4.]

On July 20, 2011, the United States Marshall filed a Process Receipt and Return for Sampath Suryadevara at 6637 North Gentry Avenue, Fresno, California 93711.  [Dkt. no. 61.]  It stated that the waiver of service was not received and that personal service was attempted.  There is a notation on the document dated July 11, 2011 which states that the defendant did not reside at that address.  The resident found there believed that he previously received mail with that name when he first

moved there, but he returned the mail to the Post Office.  There is also a notation on the form dated July 20, 2011 stating "Per CDCR - not listed".[1]  [Id.]

As of the date of this order, however, the United States Marshal has not filed a Process Receipt and Return as to the attempt to serve Sampath Suryadevara at 5357 E. Townsend Ave., Fresno, California 93727; and 1771 W. Romney Dr., Ste. #C, Anaheim, California 92801.  **The Court therefore ORDERS the United States Marshal to file a status report within fourteen days from the date of this order**.  The status report shall address the following:

    1.   Whether the United States Marshal has attempted to serve Sampath Suryadevara at 5357 E. Townsend Ave., Fresno, California 93727; and 1771 W. Romney Dr., Ste. #C, Anaheim, California 92801.

    2.   If the United States Marshal has attempted to serve Sampath Suryadevara at those addresses, how was service attempted and what were the outcomes of the attempts.

    3.   If the United States Marshal has not attempted service at those addresses, why was there no attempt to serve Sampath

---

[1] The 3/3/11 Order stated that the United States Marshal was to "command all necessary assistance from the California Department of Corrections and Rehabilitation . . . to execute this order."  [3/3/11 Order at 3-4.]

Suryadevara at those addresses.

**The Court CAUTIONS the United States Marshal that the failure to file the status report within fourteen days of the date of this order may result in the imposition of sanctions.** The Court emphasizes that the United States Marshal has already failed to file a status report required by the district judge in a prior order in this case.[2]  [Order Denying Plaintiff's Motion for Default and Motion for Summary Judgment Pursuant to FRCP Rule 12(b), filed 4/29/10 (dkt. no. 29) at 4 ("Within fourteen days from the date of this order, the United States Marshal is directed to file a status report regarding service in this case.").]

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 8, 2011.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**VERNON D. CARROLL V. S. SURY ADEVARA AND E. MAZIN; CV 2:08-00408 LEK; ORDER REGARDING SERVICE**

---

[2] Although the United States Marshal did not file a status report, the United States Marshals Service filed two unexecuted Process Receipt and Returns, one on June 3, 2010, and one on June 25, 2010.  [Dkt. nos. 30, 31.]