IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Vernon D. Carroll,               )   Civil No. 2:08-00408 LEK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
S. Sury Adevara and E. Mazin,    )
                                 )
          Defendants.            )
_____  )
```

### ORDER DISMISSING ACTION

Pro se Plaintiff Vernon D. Carroll ("Plaintiff"), who is proceeding *in forma pauperis*, filed this 42 U.S.C. § 1983 action on February 22, 2008.  Plaintiff filed his Second Amended Prisoner Civil Rights Complaint ("Second Amended Complaint") on December 11, 2009.  [Dkt. no. 20.]  A December 22, 2009 Screening Order concluded, *inter alia*, that the allegations in the Second Amended Complaint were sufficient to warrant service on Defendants S. Sury Adevara and E. Mazin.  [Dkt. no. 22.]  An Order Directing Service by United States Marshal Without Prepayment of Costs was filed on January 19, 2010.  [Dkt. no. 24.]

On November 17, 2010, after an unsuccessful attempt to serve each of the defendants at the addresses Plaintiff provided and after various motions filed by Plaintiff, this Court issued an order directing Plaintiff to file a declaration or affidavit by January 3, 2011 setting forth the information necessary to

identify Defendants Adevara and Mazin for service.  [Dkt. no. 38.]  The Court cautioned Plaintiff that his failure to do so could result in the dismissal of the case.

Plaintiff's January 3, 2011 response provided a complete address for Defendant Mazin and an incomplete address for Defendant Adevara.  [Dkt. no. 39.]  This Court ordered service to be made on Defendant Mazin, [dkt. no. 42,] but the person who the United States Marshals Service ("Marshals Service") found at the address provided was a Dr. Mazin Aziz, who stated through counsel that he was not the person identified in this action as Defendant Mazin [dkt. no. 59].  On May 9, 2011, this Court dismissed Plaintiff's claims in the Second Amended Complaint against Defendant Mazin without prejudice.  [Dkt. no. 60.]

As to Defendant Adevara, this Court used the incomplete address that Plaintiff provided on January 3, 2011 to find a similarly named person, Sampath Suryadevara at 6637 North Gentry Avenue, Fresno, California 93711.  The Court ordered Plaintiff to file a declaration by February 4, 2011 stating whether Sampath Suryadevara was the person identified as Defendant Adevara in this action.  The Court cautioned Plaintiff that, if he failed to respond, or if he responded that Sampath Suryadevara was not the person he has identified as Defendant Adevara, this Court would dismiss this action pursuant to Fed. R. Civ. P. 4(m).

[Dkt. no. 41.]

Plaintiff filed his response on January 24, 2011, stating that Sampath Suryadevara is the person identified as Defendant Adevara in this action.  Plaintiff also provided two alternate addresses for Sampath Suryadevara.  [Dkt. no. 43.]  On December 13, 2011, the Marshals Service completed service at 1771 West Romneya Dr. #C, Anaheim, California 92801.  [Dkt. no. 71.]

Sampath Suryadevara ("Defendant Suryadevara"), however, never filed a response to the Second Amended Complaint.  Plaintiff has therefore sought default judgment and summary judgment against Defendant Suryadevara.

On February 29, 2012, this Court issued a Minute Order ("2/29/12 EO") noting that, on January 23, 2012, Plaintiff filed a motion entitled "Motion To: Order Default under Time Limitation on Reply Local Rule 230(m) and Motion For: Summary Judgment Federal Rules of Civil Procedure Rule (56)" ("1/23/12 Motion"), and, on February 23, 2012, Plaintiff filed a motion entitled "Motion For: Default Judgment Order and Summary Judgment and Motion to Compel" ("2/23/12 Motion").  [Dkt. nos. 70 (1/23/12 Motion), 73 (2/23/12 Motion), 74 (2/29/12 EO).]  The Court noted that Plaintiff had not provided certification that he served the motions on Defendant Suryadevara.  The Court stated:

> If Plaintiff believed that merely mailing the 2/23/12 Motion to the Office of the Clerk was sufficient to serve the 2/23/12 Motion on Sampath Suryadevara, Plaintiff was mistaken.  **Even though**

> **Plaintiff is proceeding *in forma pauperis*, it is Plaintiff's responsibility to serve the 2/23/12 Motion, and all other motions, memoranda, and statements, on Sampath Suryadevara until there is a ruling that Sampath Suryadevara is in default for failure to appear.** Plaintiff can effect service of motions, memoranda, and statements by mail to Sampath Suryadevara at 1771 North Romney[a] Drive #C, Anaheim, CA 92801, until Sampath Suryadevara provides the district court with another address for service.

[2/29/12 EO at 2 (emphasis in original).] The Court gave Plaintiff until March 21, 2012 to file a declaration clarifying whether he served both the 1/23/12 Motion and the 2/23/12 Motion on Defendant Suryadevara, and the Court cautioned Plaintiff that it would deny any of the motions that Plaintiff failed to serve on Defendant Suryadevara.

On March 23, 2012, this Court issued an EO granting Plaintiff an extension until April 9, 2012 to file the declaration confirming service. [Dkt. no. 76.] The Court cautioned Plaintiff that it would not grant any further extensions and that, if he failed to file confirmation of service by April 9, 2012, the Court would deny the 1/23/12 Motion and the 2/23/12 Motion without prejudice.

Plaintiff failed to file confirmation of service by April 9, 2012. Thus, on April 19, 2012, this Court issued an EO denying the 1/23/12 Motion and the 2/23/12 Motion ("4/19/12 EO"). [Dkt. no. 78.] In light of Defendant Suryadevara's failure to respond to the Second Amended Complaint, however, this Court

4

ordered Plaintiff to file a request for entry of default by May 18, 2012.  The 4/19/12 EO stated:

> Plaintiff must serve a copy of the request for entry of default on Defendant at 1771 North Romneya Drive #C, Anaheim, CA 92801.  The Court reiterates that Plaintiff cannot serve Defendant by mailing the document to the district court.  **The Court CAUTIONS Plaintiff that, if he fails to file a request for entry of default by May 18, 2012 or if he fails to serve Defendant with a copy of the request, this Court will dismiss Plaintiff's case for failure to comply with this Court's order.**  See Fed. R. Civ. P. 16(f)[(1)](C) (stating that, if a party fails to obey a pretrial order, a court may, on its own, issue any just orders authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii), including dismissal of the action).

[Id. at 2 (emphasis in original).]

On May 2, 2012, Plaintiff filed his "Motion For: Second Review Time Limitation under Error's of [Default] and Reviewing the Proofreading the Responds on Dec. 2, 2011 from the U.S. Marshals and Motion To: Consider a [Fare] Judgment within Your Orders, and Your Court Order under [Cautions] within the Federal Laws and Standards".  [Dkt. no. 79.]  This Court denied the motion without prejudice because Plaintiff did not sign it and because he did not include a certificate of service.  [Dkt. no. 81.]

Also on May 2, 2012, Plaintiff filed his "Motion To: The Honorable Judge Leslie E. Kobayashi to be Aware that a Legal Copy to the Defendant: Sampath Suryadevara is Serve by Federal Mail under Default and to Call the District Court to Arrange an

Appointment for Court Hearing on Complaint and Motion To: Re-Serve the Defendant from the U.S. Marshals So the Defendant Can have an Up-To-Dated Court Documents by Serving: USM-285 Process Receipt and Return Forms" ("5/2/12 Motion").  [Dkt. no. 80.]  On May 8, 2012, the Court issued an EO construing the 5/2/12 Motion as a request for entry of default ("5/8/12 EO").  [Dkt. no. 82.] The Court denied the 5/2/12 Motion without prejudice because Plaintiff failed to follow the Court's repeated instructions to serve all court documents on Defendant Suryadevara until there was a finding that Defendant Suryadevara was in default.  The Court ordered Plaintiff to re-file his request for entry of default.  The 5/8/12 EO included the following:

> **The Court CAUTIONS Plaintiff that, if he fails to file his request for entry of default judgment by June 22, 2012, or if his request does not comply with the terms of this EO, <u>this Court will dismiss Plaintiff's case for failure to comply with this Court's order</u>**.  See Fed. R. Civ. P. 16(f)(1)(C).  **The Court also CAUTIONS Plaintiff that it will not grant any further extensions**.

[Id. at 2-3 (emphases in original).]

Plaintiff did not re-file his request for entry of default.  Instead, Plaintiff filed documentation that he sent something to Defendant Suryadevara via certified mail on May 25, 2012.  [Motion To: File Awareness of U.S. Postal Service of Certified Mail Receipt on May 25, 2012, filed 6/6/12 (dkt. no.

6

83).[1]]  Plaintiff's filing does not state what he sent to Defendant Suryadevara on May 25, 2012.  Moreover, even if Plaintiff sent Defendant Suryadevara a copy of the 5/2/12 Motion, this Court previously denied that motion and ordered Plaintiff to re-file his request for entry of default.

In light of the foregoing history of this case, this Court CONCLUDES that dismissal is warranted because Plaintiff has not mailed a copy of the request for entry of default to the last known address for Defendant Suryadevara.  This dismissal is made pursuant to Fed. R. Civ. P. 16(f)(1), which states, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Dismissal of Plaintiff's action in whole is one of the available sanctions.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  In concluding that dismissal is warranted, this Court has considered the five factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).[2]  The Court finds that the public

---

[1] Although Plaintiff titled the document as a motion, the Clerk's Office has construed it at a Certificate of Service, and this Court agrees with that characterization.

[2] The Ninth Circuit has delineated five factors that a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public
(continued...)

interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendant Suryadevara will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

## CONCLUSION

On the basis of the foregoing, Plaintiff's claims in the Second Amended Complaint against Defendant Sampath Suryadevara, identified in this action as Defendant S. Sury Adevara, are HEREBY DISMISSED WITHOUT PREJUDICE.  Insofar as there are no remaining claims in this action, this Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 17, 2012.


/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**VERNON D. CARROLL V. S. SURY ADEVARA, ET AL; CIVIL 2:08-00408 LEK; ORDER DISMISSING ACTION**

---

[2](...continued)
interest;  2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).